AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT
7/9/21

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

| In the Matter of the Search of | ) | |
|---|---|---|
| (Briefly describe the property to be searched or identify the person by name and address) | ) ) ) | Case No. 3:21MJ253 |
| 80 E Maplewood Ave, Dayton, OH 45405 including all outbuildings and curtilage | ) ) ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property (identify the person or describe the property to be searched and give its location):

SEE ATTACHMENT A

located in the ____Southern____ District of ____Ohio____, there is now concealed (identify the person or describe the property to be seized):

SEE ATTACHEMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is (check one or more):
☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Sections 841 &846 | Distribution of a controlled substance and conspiracy to commit the same |

The application is based on these facts:
See Attached Affidavit

☒ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Joseph L. Rossiter, Postal Inspector, USPIS
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
____Telephone____ (specify reliable electronic means).

Date: 07/09/2021

City and state: Dayton, OH

_____
's signature

U.S. Magistrate Judge
ame and title

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN THE MATTER OF THE SEARCH OF :
80 E MAPLEWOOD AVE, DAYTON, OH : CASE NO. __3:21MJ253__
45405 INCLUDING ALL OUTBUILDINGS :
AND CURTILAGE :

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR ANTICIPATORY SEARCH WARRANT

I, JOSEPH ROSSITER, being duly sworn, do hereby depose and state as follows:

### Introduction and Agent Background

1. I am a United States Postal Inspector, having been so employed since May 2016. I am presently assigned to the Cincinnati Field Office, Pittsburgh Division of the Postal Inspection Service with investigative responsibility for southeast Indiana, and southern Ohio. Your Affiant completed United States Postal Inspection Service Basic Training in May 2016. The training involved narcotic investigation techniques, chemical field tests and training in the detection and identification of controlled substances being transported in the United States Mail. In addition to this formal training, your Affiant has worked since May 2016 with various federal, state and local law enforcement agencies in the investigation of the transportation of illegal drugs and their identification.

2. This affidavit is prepared and submitted in support of an application for an anticipatory search warrant for a residence located at **80 E Maplewood Ave, Dayton, OH 45405 including all outbuildings and curtilage.** 80 E Maplewood Ave, Dayton, OH 45405 is more fully described in Attachment A and Attachment A is incorporated herein by reference. There is probable cause to believe that evidence of a crime; contraband, fruits of crime, or other items

1

illegally processed; property designed for use intended for use; or used in committing a crime – namely 21 U.S.C. § 846 (conspiracy to possess with intent to distribute); 21 U.S.C. § 841(a)(1) (possession with intent to distribute a controlled substance); and 21 U.S.C. § 843(b) (use of communication facility to commit felony) – exists and can be found at the residence located at **80 E Maplewood Ave, Dayton, OH 45405.** A list of the specific items to be seized from the premises described above is attached hereto as Attachment B and Attachment B is incorporated herein by reference. Based on my training and experience, as detailed above I believe that there is probable cause to believe that the items listed in Attachment B will be found at the premises described above.

3. All the details of the investigation are not included in this Affidavit; only information necessary to establish probable cause that evidence associated with the above listed offenses is located at **80 E Maplewood Ave, Dayton, OH 45405.**

4. Based on my aforementioned training and experience, I am familiar with the modus operandi of persons involved in the illicit distribution of controlled substances and as a result, know the following:

   a. It is common practice for drug traffickers to hide their assets, their addresses, their telephone numbers, and beeper/pager services by using other person's names in order to avoid detection by law enforcement officials.

   b. It is common practice for drug traffickers to often maintain residences which are used as "stash houses" or locations for drug storage and distribution and use "nominees" to obtain telephone service, utility service, and other services to hide the true identity of the owner or person who will use that service.

   c. That drug traffickers often place assets in corporate entities in order to avoid detection of those assets by law enforcement officials.

   d. It is common practice, that even though these assets are in nominee names, drug traffickers will continue to utilize these assets by exercising dominion and control over them.

e. It is common practice that drug traffickers possess large amounts of U.S. Currency in order to finance their ongoing illicit drug business.

f. It is common practice that drug traffickers maintain books, records, receipts, notes, ledgers, airline tickets, money orders, and other documents relating to the transportation and distribution of drugs. Drug traffickers commonly front (provide drugs on consignment) to their clients. The books, records, receipts, notes, ledgers, and other documents are kept where the drug traffickers have ready access to them.

g. It is common for drug traffickers to provide false information to law enforcement officials regarding their identity and the address of their actual residence.

h. It is common that persons involved in drug trafficking conceal from law enforcement in their residences, vehicles, and businesses the following items: drugs, large amounts of currency, financial instruments, jewelry, automobile titles, other items of value and/or proceeds of drug transactions, and evidence of financial transactions relating to the acquisition and concealment of large sums of money resulting from drug trafficking activities.

i. When drug traffickers amass large proceeds from the sale of drugs, they attempt to hide the true source of these profits, otherwise known as laundering the money. To accomplish this, drug traffickers many times utilize banks and/or financial institutions with their attendant services, including but not limited to, cashier's checks, money drafts, and letters of credit. Other entities used to launder drug proceeds include real estate firms and purported legitimate business fronts.

j. Drug traffickers commonly travel to facilitate their trafficking activities. After purchasing drugs, traffickers commonly transport, or cause to be transported, drugs to areas in which they will be distributed. Common methods of transportation include, but are not limited to, commercial airlines, U.S. mail, and rental/private automobiles.

k. It is common practice that drug traffickers commonly maintain books and similar documents which reflect names, addresses, and/or telephone numbers of their associates in the drug trafficking organization. This information can often be stored in cellular phones in places such as the contacts list.

l. Drug traffickers often take, or cause to be taken, photographs of themselves, their associates, their property and their product, and that the photographs are usually maintained at the residences and/or businesses of drug traffickers. Photographs such as these can commonly be found and stored in cellular phones.

m. Drug traffickers commonly have in their possession, (that is on their person, at their residence, and/or their business) weapons. Including firearms of various types. Firearms are used to protect and secure a drug trafficker's property which may

3

include, but is not limited to, controlled substances, jewelry, narcotics paraphernalia, books, records, and U.S. Currency.

n. Drug traffickers frequently maintain hidden compartments within their residence and vehicles to hide drug trafficking evidence (money, ledgers, drugs, etc.), bury evidence in containers such as shoe boxes, or hide the evidence in safes.

o. The exact quantities, prices, dates, and methods of delivery of drugs are seldom discussed in detailed terms over the telephone. These details are usually agreed upon during face-to-face transactions. For this reason, most telephone conversations regarding drugs are very brief and often in code, understood by the traffickers and designed to mislead or confuse non-participants of the conversations. Drug traffickers make extensive use of cellular phones and text messaging beepers/pagers to facilitate contacting one another. When calling a beeper or text messaging, traffickers commonly input the number that should be called and sometimes add additional instructions in the form of additional digits. The structure of a drug distribution organization usually consists of sources of supply, wholesale distributors, retail distributors, and the ultimate consumers. The wholesale distributors often have more than one source of supply, and likewise the retail distributors often obtain drugs from more than one wholesale distributor. After receiving a quantity of drugs, the source of supply will often move the drugs to a location other than where he/she sells them to the wholesale distributors.

p. Evidence of past communication between drug traffickers can be found in saved or deleted text messages, call logs, and other forms of electronic communication occurring over, stored in, or accessed by the cellular phone

## INVESTIGATION

5. On July 8, 2021, I intercepted a package (hereinafter "the Package") at the Cincinnati Network Distribution Center (NDC). The Package is a Priority Mail Express in a white Priority Mail flat rate box, bearing tracking number EJ811736265US, postmarked July 7, 2021, with the following address information "Steven Henderson 80 E Maplewood ave Dayton, OH 45405" with a return address of "David Padilla 16077 Juniper St, Hesperia, CA 92345."

6. I performed a check in CLEAR database for the addressee's information on the Package of "Steven Henderson 80 E Maplewood ave Dayton, OH 45405." CLEAR is a law enforcement database that is used as a tool for investigators to identify person/business and address

information. According to CLEAR, "Steven Henderson" was associated with 80 E Maplewood Ave, Dayton, OH 45405 in May 2003, but is not currently associated with that address.

7. I also performed a check in CLEAR for the sender's information listed on the Package of "David Padilla 16077 Juniper St, Hesperia, CA 92345." According to CLEAR, there is no "David Padilla" associated with 16077 Juniper St, Hesperia, CA 92345.

8. On July 8, 2021 a federal search warrant was obtained which was then executed on the Package. Upon opening the Package, it was found to contain what appeared to be round white cosmetic pads, and a vacuum sealed bag wrapped in black carbon paper and clear plastic wrap. Inside the vacuum sealed bag was a clear crystal substance with total approximate weight of 1,868 grams. The clear crystal substance field tested positive for methamphetamine. Methamphetamine is a Schedule II controlled substance.

9. Through my training and experience I am aware that methamphetamine is a dangerous narcotic. As such, a pseudo substance ("sham") will be placed in the Package prior to attempting a delivery of the Package.

10. On or about July 12, 2021 I will arrange for the Package to be delivered to **80 E Maplewood Ave, Dayton, OH 45405,** by a United States Postal Inspector posing as a United States Letter Carrier. Upon delivery of the Package and the Package taken into **80 E Maplewood Ave, Dayton, OH 45405** the search warrant will be executed. Furthermore, if the Package is transferred to any vehicle or other property located within this Court's jurisdiction, this order authorizes law enforcement to make entry into the residence to secure government equipment and evidence (the Package) as well as secure the location until an application for a new warrant can be obtained. The search warrant will be executed if, and only if, the Package is accepted and taken

into the residence located at **80 E Maplewood Ave, Dayton, OH 45405**.

## CONCLUSION

11. Based upon the facts set forth in this Affidavit, there is probable cause to believe that if the Package is delivered and taken into the aforementioned location, evidence of a crime; contraband, fruits of crime, or other items illegally processed; property designed for use intended for use; or used in committing a crime - namely 21 U.S.C. § 846 (conspiracy to possess with intent to distribute); 21 U.S.C. § 841(a)(1) (possession with intent to distribute a controlled substance); and 21 U.S.C. § 843(b) (use of communication facility to commit felony)- exists and can be found at the residence located at **80 E Maplewood Ave, Dayton, OH 45405**.

Joseph Rossiter
Postal Inspector
United States Postal Inspection Service

Subscribed and sworn to before me this **9th** day of July, 2021.

Honorable Sharon L. Ovington
United States Magistrate Judge

6

ATTACHMENT "A"

Description of person(s) and place to be searched

Based on the facts detailed in affidavit, the Affiant believes probable cause exists to search the following person(s) and place:

1. 80 E Maplewood Ave, Dayton, OH 45405 including all outbuildings and curtilage;
2. Furthermore, if the Package is transferred to any vehicle or other property located within this court's jurisdiction, this order authorizes law enforcement to make entry into the location to secure/retrieve government equipment and evidence as well as secure location until an application for a new search warrant for the new location can be made.

The place to be searched is a single family style home, with a grey roof, white exterior, and a white storm door, with the number 80 above the door. Photo of 80 E Maplewood Ave, Dayton, OH 45405.



1

Attachment "B"

The items to be searched for and seized are evidence, contraband, fruits of crime, and other items illegally possessed, as well as property designed for use, intended for use, relating to violations of 21 U.S.C. §§ 846 and 841(a)(1) including, but not limited to:

A. Log books, records, payment receipts, notes, and/or customer lists, ledgers, telephone numbers and other papers or electronic records relating to the transportation, ordering, purchasing, processing, and distribution of controlled substances, including information reflecting transactions for the purchase/sale of narcotics.

B. Papers, tickets, notices, credit card receipts, wire transfer receipts, travel schedules, travel receipts, passports, and/or records, and other items relating to domestic and foreign travel to obtain and distribute narcotics and narcotics proceeds, including, but not limited to airline receipts, vehicle rental receipts, credit card receipts, travel schedules, diaries, hotel receipts, truck logs, travel agency vouchers, notes, records of long distance telephone calls, e-mail, calendars and other correspondence.

C. Address and/or telephone books and papers reflecting names, e-mail and physical addresses and/or telephone numbers of individuals, partnerships, or corporations involved in drug trafficking and money laundering.

D. Financial records, financial statements, receipts, statements of accounts and related bank records, money, drafts, letters of credit, money orders and cashier's checks receipts, passbooks, bank checks, escrow documents, and other items evidencing the obtaining, secreting, transfer, and/or concealment of assets and the obtaining, secreting, transferring, concealment, and/or expenditure of money.

E. Electronic equipment such as pagers, computers, Computer systems, cell phones, PDA devices including hardware, software, data contained in the main unit, printers, external modems, monitors, fax machines and/or other external attachments, electronic organizers, facsimile machines, cellular telephones, caller ID, telephone answering machines, police scanners and two-way radios.

F. United States currency, precious metals, coins, bullion, jewelry, and financial instruments, including, but not limited to stocks and bonds.

G. Photographs and/or photographic albums or video tapes and recordings of houses and other real estate, automobiles, and of other assets, persons, and/or controlled substances.

H. Indicia of occupancy, residency, and/or ownership of the premises and vehicles including, but not limited to utility and telephone bills, canceled envelopes, keys, deeds, tax bills, titles, and vehicle registrations.

I. Contraband, such as illegal drugs and other materials, paraphernalia and/or equipment and tools used in the drug trade.

J. Firearms or ammunition.

## ATTACHMENT "C"

Upon delivery of the Package and the Package taken into 80 E Maplewood Ave, Dayton, OH 45405 the search warrant will be executed. Furthermore, if the Package is transferred to any vehicle or other property located within this Court's jurisdiction, this order authorizes law enforcement to make entry into the residence to secure government equipment and evidence (the Package) as well as secure the location until an application for a new warrant can be obtained. The search warrant will be executed if, and only if, the Package is accepted and taken into the residence located 80 E Maplewood Ave, Dayton, OH 45405.